# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ELIJAH SHAW | ) | CASE NO. 3:24-cv-00654 (KAD) |
| *Plaintiff*, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CRAIG WASHINGTON, *et al.*, | ) | DECEMBER 3, 2024 |
| *Defendants*. | ) | |

## ORDER GRANTING MOTION TO AMEND COMPLAINT AND FURTHER REIEW ORDER ON AMENDED COMPLAINT

Kari A. Dooley, United States District Judge:

Plaintiff, Elijah Shaw ("Shaw"), a pre-trial detainee at Corrigan Correctional Center, filed a complaint *pro se* under 42 U.S.C. § 1983, naming three defendants: Craig Washington, Captain Papoosha, and Correctional Officer Zack. Shaw originally sought damages and injunctive relief for violation of his First Amendment right to freedom of speech and his Fourteenth Amendment right to substantive and procedural due process. In its initial review order, the Court dismissed Shaw's First Amendment claim but permitted his Fourteenth Amendment due process claims to proceed against Washington, Papoosha, and Zack. Defendants answered the complaint on July 25, 2024. Pending before the Court is Shaw's motion for leave to amend his complaint. Mot. for Leave to Amend, ECF No. 27. Defendants' deadline to respond was October 18, 2024. As of the date of this order, Defendants' have neither responded to Shaw's motion nor requested an extension of time to do so.

**Motion for Leave to File Amended Complaint**

If, as here, 21 days have passed since Defendants filed their responsive pleading, *see* Answer, ECF No. 25, a plaintiff may only amend his complaint if he obtains "the opposing party's written consent or the court's leave." *See* Fed. R. Civ. P. 15(a)(1)–(2). Shaw has moved for leave

to amend instead of obtaining Defendants' written consent. *See* Mot. for Leave to Amend at 2. Shaw has attached a proposed amended complaint to his motion. *See* Proposed Am. Compl., ECF No. 27-1.

Shaw seeks to add claims against newly identified defendants "pertaining to the same issue at hand." Mot. for Leave to Amend at 2*.* Shaw's original complaint included three claims arising out of his placement in the SRG unit. *See* Initial Review Order ("IRO"), ECF No. 10 at 3. The Court permitted Shaw's Fourteenth Amendment substantive and procedural due process claims related to that placement to proceed. *See id.* at 9. Shaw's new claims in his proposed amended complaint concern allegations that newly identified defendants, Bowers, the Warden and a Deputy Warden kept him in the SRG unit in violation of DOC administrative directives and that both existing and newly named defendants retaliated against him for filing this lawsuit. *See* Proposed Am. Compl. at ¶¶ 26–33.

While "[t]he court should freely give leave when justice so requires," Fed. R. Civ. P. 15(a)(2), leave to amend may be denied where amendment would be futile. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Shaw alleges in his proposed amended complaint that Unit Manager Bowers, the Deputy Warden, and the Warden, have kept him in the SRG unit in violation of DOC's administrative directives. *See* Proposed Am. Compl. at ¶¶ 26–31. But a prison official's violation of administrative directives is not actionable in a § 1983 suit. *See Fine v. UConn Med.*, No. 3:18-CV-530 (JAM), 2019 WL 236726, at *9 (D. Conn. Jan. 16, 2019) (noting a "defendants' failure to comply with prison regulations or administrative directives" does not constitute a basis for relief under Section 1983 because "a prison official's violation of a prison regulation or policy does not establish that the official has violated the Constitution or is liable to a prisoner under 42 U.S.C. § 1983." (citing *Harris v. Taylor*, 441 F. App'x 774, 775 (2d Cir. 2011))). Thus, amending the

complaint to include claims arising out of these prison officials' failure to follow administrative directives would be futile.

Shaw also alleges in his proposed amended complaint that Papoosha, Unit Manager Bowers, the Deputy Warden, and the Warden retaliated against Shaw for filing this lawsuit. *See* Proposed Am Comp. at ¶¶ 32–33. "Courts in the Second Circuit routinely permit plaintiffs to supplement pleadings to include alleged acts of retaliation that…occurred after the original complaint was filed." *Porter v. MooreGroup Corp.*, No. 17CV07405KAMVMS, 2020 WL 32434, at *9 (E.D.N.Y. Jan. 2, 2020) (quotation marks and citations omitted). Accordingly, amendment to include a retaliation claim would be appropriate unless, as proposed, the claims are nonetheless futile.

Though Shaw's claim that prison officials failed to follow administrative directives is not independently actionable, the Court can still consider the facts alleged in connection with that claim as background for his new First Amendment claim. *See Davidson v. Lagrange Fire Dist.*, No. 08 CV 3036 VB, 2012 WL 2866248, at *15 n.3 (S.D.N.Y. June 19, 2012), *aff'd*, 523 F. App'x 838 (2d Cir. 2013) (citing *Jute v. Hamilton Sundstrand Corp.,* 420 F.3d 166, 176 (2d Cir. 2005) ("Although the Court dismissed plaintiff's failure to promote claim premised on this earlier promotional opportunity, the Court may consider the incident as background evidence.")).

Shaw alleges that Bowers violated DOC administrative directives by keeping Shaw in the SRG unit longer than required under the administrative directives. Proposed Am. Compl. at ¶ 26. Shaw claims that he sent grievances to Bowers, the Deputy Warden, and the Warden, asking them to correctly calculate his time in the SRG unit. *Id.* at ¶ 30. These grievances were denied. *Id.* Shaw claims Papoosha verbally told him, "'you think imma let you out, when you[']r[e] su[ ]ing me[?]" *Id.* at ¶ 32. Shaw also claims that Bowers, the Deputy Warden, and the Warden "stated multiple

times[,] 'should have been smarter and not filed a lawsuit against the one person who could get you out of here.'" *Id.* at ¶ 33.

To state a cognizable First Amendment retaliation claim, Shaw must allege: "(1) that the speech or conduct at issue was protected, (2) that the defendant took adverse action against the plaintiff, and (3) that there was a causal connection between the protected speech and the adverse action." *Burns v. Martuscello*, 890 F.3d 77, 84 (2d Cir. 2018) (quoting *Dolan v. Connolly*, 794 F.3d 290, 294 (2d Cir. 2015)).

Liberally construed, Shaw alleges that Papoosha, Bowers, the Deputy Warden, and the Warden are keeping him in the SRG unit beyond what the administrative directives require because Shaw filed this lawsuit. *See* Proposed Am. Compl. at ¶¶ 26, 32–33. A lawsuit is protected speech. *Gill v. Pidlypchak*, 389 F.3d 379, 280 (2d Cir. 2004) (filing a lawsuit or grievance is constitutionally protected activity and will support a retaliation claim). Shaw has sufficiently alleged that the above four prison officials took adverse action against him by holding him in the SRG unit longer than prison rules require. *See, e.g., Kelly v. Santiago*, No. 3:18-CV-01796-VAB, 2019 WL 3574631, at *5 (D. Conn. Aug. 6, 2019) (placing plaintiff in SRG unit was adverse action). These defendants' statements suggest their power to release Shaw but for his lawsuit, which shows a sufficient causal connection between the lawsuit and Shaw's continued confinement in the SRG unit. Thus, Shaw's First Amendment claim for damages against Papoosha, Bowers, the Deputy Warden, and the Warden is permitted to proceed.

**Orders**

Shaw's First Amendment claim, as contained in the amended complaint, is permitted to proceed, along with his Fourteenth Amendment substantive due process and procedural due process claims. *See* IRO at 9. These are individual capacity claims for damages only.

The court enters the following additional orders.

(1) Shaw's motion to amend complaint, ECF No. 27, is **GRANTED as permitted herein**.

(2) **The Clerk shall** re-file Shaw's proposed amended complaint, ECF No. 27-1, as an amended complaint.

(3) **The Clerk shall** verify the current work address for Bowers, the Deputy Warden, and the Warden of Corrigan with the Department of Correction Office of Legal Affairs, mail a waiver of service of process request packet to each defendant at the address provided on or before **December 26, 2024,** and report to the court on the status of the waiver request on the thirty-fifth day after mailing. If any defendant fails to return the waiver request, the Clerk shall make arrangements for in-person service by the U.S. Marshals Service on the defendant in his or her individual capacity and the defendant shall be required to pay the costs of such service in accordance with Federal Rule of Civil Procedure 4(d).

**The Clerk shall** send Shaw a copy of this Order.

(4) **The Clerk shall** send a courtesy copy of the Complaint and this Order to the Connecticut Attorney General and the Department of Correction Office of Legal Affairs.

(5) The defendants shall file their response to the complaint, either an answer or motion to dismiss, within **sixty (60) days** from the date the waiver forms are sent. If they choose to file an answer, they shall admit or deny the allegations and respond to the cognizable claim recited above. They also may include all additional defenses permitted by the Federal Rules.

(6) Discovery, pursuant to Federal Rules of Civil Procedure 26 through 37, is extended to **July 3, 2025**. Discovery requests need not be filed with the court.

(7) The dispositive motions deadline is extended to **August 4, 2025**.

**SO ORDERED** at Bridgeport, Connecticut, this 3rd day of December 2024.

_/s/ Kari A. Dooley_
KARI A. DOOLEY
UNITED STATES DISTRICT JUDGE